IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


TRUCORE ASSOCIATES, LTD., :

    Plaintiff, :

                                  Case No. 3:05cv230

    vs. :
                               JUDGE WALTER HERBERT RICE

SSS CONSULTING, INC., :
d/b/a HR CHALLY, :

    Defendant and Third-Party :
    Plaintiff, :

    vs. :

GARY W. MECHAR, et al., :

    Third-Party Defendants. :

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO
DISMISS FOR LACK OF PROSECUTION (DOC. #86); DECISION AND
ENTRY OVERRULING IN PART AND NOT RULING ON IN PART
DEFENDANT'S MOTION FOR DEFAULT JUDGMENT (DOC. #87);
DECISION AND ENTRY OVERRULING MOTION OF THIRD-PARTY
DEFENDANT GARY MECHAR FOR JOINDER OR FOR SUBSTITUTION
OF PLAINTIFF (DOC. #88); DECISION AND ENTRY OVERRULING, AS
MOOT, DEFENDANT'S MOTION TO STRIKE MOTION OF THIRD-
PARTY DEFENDANT GARY MECHAR FOR JOINDER OR FOR
SUBSTITUTION OF PLAINTIFF (DOC. #91); DECISION AND ENTRY
OVERRULING IN PART AND OVERRULING, AS MOOT, IN PART
MOTION OF THIRD-PARTY DEFENDANT GARY MECHAR TO STRIKE
DEFENDANT'S MOTIONS TO DISMISS FOR LACK OF PROSECUTION
AND FOR DEFAULT JUDGMENT (DOC. #95); DECISION AND ENTRY
OVERRULING DEFENDANT'S MOTION TO SHOW CAUSE AND FOR

SANCTIONS (DOC. #105); THIRD-PARTY COMPLAINT DISMISSED
WITHOUT PREJUDICE; CONFERENCE CALL SET

After the deterioration of a business relationship of several years between Plaintiff TruCore Associates, Ltd. ("Plaintiff" or TruCore"), and Defendant SSS Consulting, Inc., d/b/a HR Chally ("Defendant" or "Chally"), Plaintiff brought this litigation, seeking to recover damages it alleges to have incurred as a result of Defendant's wrongful actions. In its Amended Complaint (Doc. #31), Plaintiff has set forth five claims for relief, to wit: 1) breach of contract; 2) copyright infringement; 3) promissory estoppel; 4) <u>quantum meruit</u>; and 5) conversion. In addition to denying that it is liable on those claims, Defendant has filed a Counterclaim against the Plaintiff and what purports to be a Third-Party Complaint against Third-Party Defendants Gary Mechar ("Mechar") and Johnny Lovric ("Lovric").[1] See Defendant's Amended Answer, Counterclaim and Third-Party Complaint (Doc. #81). Therein, Defendant sets forth five claims for relief, to wit: 1) a claim of fraud against TruCore and the Third-Party Defendants, predicated on their alleged misrepresentations; 2) a claim of fraud against TruCore and the Third-Party Defendants, arising out of their failure to inform the Copyright Office that Chally claimed a copyright in certain software; 3) a claim of breach of contract against TruCore and the Third-Party Defendants; 4) a claim for a declaratory judgment that all information pertaining to the systems developed during the business relationship between Plaintiff and Defendant, including copyrights and trade secrets, belong to Chally; 5) a request for declaratory relief that TruCore has

---

[1] Mechar and Lovric were the Plaintiff's employees with primary responsibility for performing its contracts with Defendant.

forfeited its contractual right to stock options of its (Defendant's) stock, as a result of having breached the contract between the parties. Notably, in its Amended Answer, Counterclaim and Third-Party Complaint (Doc. #81), Defendant has not requested indemnification or contribution from Mechar and/or Lovric.

This litigation is now before the Court on the following motions, to wit: Defendant's Motion to Dismiss for Lack of Prosecution (Doc. #86), Defendant's Motion for Default Judgment (Doc. #87), Mechar's Motion for Joinder or for Substitution of Plaintiff (Doc. #88), Defendant's Motion to Strike Mechar's Motion for Joinder or for Substitution of Plaintiff (Doc. #91), Mechar's Motion to Strike Defendant's Motions to Dismiss for Lack of Prosecution and for Default Judgment (Doc. #95) and Defendant's Motion to Show Cause and for Sanctions (Doc. #105). As a means of analysis, the Court will initially discuss the pending motions, other than Defendant's request to show cause and for sanctions, together, following which it will turn to the Defendant's Motion to Show Cause and for Sanctions.

I.  Pending Motions other than Defendant's Motion to Show Cause and for Sanctions (Doc. #105)

On February 21, 2008, counsel for Plaintiff and for Third-Party Defendants filed a motion, requesting that they be given leave to withdraw from representing their clients in this litigation, based upon the failure of Plaintiff and Third-Party Defendants to pay the bills of their counsel. See Doc. #82. The request to withdraw was signed by each of the Third-Party Defendants, individually, and by Lovric, as President/Director of TruCore. On February 22, 2008, this Court conducted a telephone conference call with counsel for the parties, during which,

the Court indicated that it would file an entry, sustaining the motion to withdraw and giving Plaintiff and the Third-Party Defendants 30 days in which to secure new counsel or to inform the Court that they intended to proceed pro se. Four days later, the Court filed an Order, sustaining the request to withdraw. See Doc. #83.

On April 16, 2008, the Court filed an Entry, scheduling a telephone conference call for April 22, 2008. See Doc. #85. Therein, the Court noted that, during the conference call conducted on February 22, 2008, it had granted counsel for Plaintiff and the Third-Party Defendants leave to withdraw and had afforded those parties 30 days in which to secure successor counsel. Id. at 1. This Court also indicated that Mechar had phoned the Court, leaving the message that he needed additional time to obtain counsel. Id. in addition, the Court noted therein that, while the Third-Party Defendants could represent themselves, neither would be permitted to represent the other or the Plaintiff. Id. at 2. The Court conducted that conference call on April 22nd, with Defendant's counsel and Mechar, during which it afforded Mechar an additional period of time in which to secure successor counsel and scheduled an additional conference call to discuss the issue of representation on June 6, 2008. During the April 22nd conference call, Defendant's counsel noted that answers had not been filed in response to his client's Amended Answer, Counterclaim and Third-Party Complaint (Doc. #81).[2] In

---

[2]Counsel made that statement in the context of questioning whether the Defendant's previously filed motions seeking summary judgment were dispositive given that Defendant had filed its Amended Answer, Counterclaim and Third-Party Complaint (Doc. #81).
    Parenthetically, in advance of the parties conducting agreed upon mediation, Defendant's Motion for Summary Judgment (Doc. #40), Plaintiff's Motion for Summary Judgment (Doc. #56), Defendant's Motion for Sanctions (Doc. #67) and a number of procedural motions were all overruled, without prejudice to immediate renewal in the event that the mediation failed. See Doc. #75. Although an

response, the Court told Mechar that he should refrain from filing anything until he had heard from the Court.

A further telephone conference call was conducted by the Court with Defendant's counsel and Mechar on June 17, 2008. Mechar reported that, although neither he nor Lovric had been able to secure successor counsel, Lovric had made a contact the previous Friday, which Mechar believed could be fruitful. Therefore, he requested that the Court afford them an additional two weeks in which to secure new counsel. This Court granted the Plaintiff and Third-Party Defendants an additional 10 days, and scheduled an additional telephone conference call between the Court, Mechar and Defendant's counsel. During that following call, which occurred on June 30, 2008, Mechar once again indicated that successor counsel had not been retained, and explained the steps that had been taken to secure such counsel. The Court scheduled a further conference call for July 30, 2008. The Court explained that Plaintiff and Third-Party Defendants would have 30 more days to secure counsel and that, if successor counsel had not entered an appearance in time to participate in the July 30th conference call, it would permit Defendant to file whatever motions it deemed appropriate. During the July 30th conference call, Mechar indicated that successor counsel had not been obtained. Since the five month delay in this litigation to afford Plaintiff and the Third-Party Defendants the opportunity to retain counsel had proved to be fruitless, the Court permitted the parties to file whatever motions they deemed appropriate. As a consequence, the motions which are discussed herein were filed.

---

unsuccessful mediation took place on October 25, 2007, none of those motions has been renewed.

Given that the failure of TruCore, Mechar and Lovric to obtain successor counsel has resulted in the filing of the motions herein, the Court will initially review the settled rule that a corporation can only be represented by a licensed attorney. More than 180 years ago, the United States Supreme Court noted that a corporation can appear only through and by such. Osborn v. President of the Bank of United States, 9 Wheat. 738, 829 (22 U.S. 738) (1824). See also, Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) (noting that "[i]t has been the law for the better part of two centuries … that a corporation may appear in federal courts only through licensed counsel"). The Sixth Circuit has long followed that precedent. See e.g., Doherty v. Am. Motors Corp., 728 F.2d 334, 340 (6th Cir. 1984) (noting that "[t]he rule of this circuit is that a corporation cannot appear in federal court except through an attorney"); Ginger v. Cohn, 426 F.2d 1385, 1386 (6th Cir. 1970) (holding that "[a]n officer of a corporation, who is not a licensed attorney, is not authorized to make an appearance in this Court on behalf of the corporation"); United States v. 9.19 Acres of Land, More or Less, Situate in Marquette County, Mich., 416 F.2d 1244, 1245 (6th Cir. 1969) (stating that "[t]he United States District Court was clearly correct in ruling that a corporate president may not represent his corporation before a federal court").

Herein, Plaintiff alleges that it is a Canadian partnership. Doc. #31 at ¶ 1. The Sixth Circuit has noted that the rule that a corporation may appear only though a licensed attorney is equally applicable to partnerships. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 602-03 (6th Cir. 1988). Accord Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir.1991). Thus,

this Court has consistently held in this litigation that neither Third-Party Defendant can represent TruCore.

With that background in mind, the Court turns to the pending motions, other than Defendant's Motion to Show Cause and for Sanctions (Doc. #105). The Court begins its analysis by ruling on Mechar's Motion for Joinder or for Substitution of Plaintiff (Doc. #88).

With that motion, Mechar requests that he be permitted to join as a Plaintiff herein or that he be substituted for TruCore as the Plaintiff. Mechar bases this request on the assertion that TruCore made a bona fide transfer of its entire interest in this litigation to him. Accepting for present purposes that such a transfer occurred, this Court denies Mechar's request for joinder or substitution, because courts have held that an individual cannot avoid the rule, that a corporation can appear only through a licensed attorney, by having the corporation transfer its interest in the lawsuit to him. In United States ex rel. Mergent Services v. Flaherty, 540 F.3d 89 (2d Cir. 2008), the Second Circuit discussed that principle in the context of holding that a person cannot proceed pro se in a qui tam action, writing:

> The circumstances under which civil litigants may appear without counsel are limited by statute. Specifically, 28 U.S.C. § 1654 provides that in federal court, "parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Because the statute permits parties only to "plead and conduct their own cases personally," id. (emphasis added), we have held that "an individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (quoting Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998)). That is, in order to proceed pro se, "[a] person must be litigating an interest personal to him." Iannaccone, 142 F.3d at 558 (citing Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997)).

>       Decisions adhering to this principle abound in our case law.  It is well established that a layman may not represent a corporation even if the sole shareholder.  See Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co., 748 F.2d 602, 609 (11th Cir. 1984); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990) (noting in dicta that "[s]ole shareholders of corporations are not allowed to represent such corporations pro se ").  A non-lawyer general partner may not represent the partnership, see Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1310 (2d Cir. 1991), and a sole member of a solely-owned limited liability company may not represent it, see Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007) (per curiam).  Similarly, we have held that a litigant may not appear pro se to pursue a claim that a corporation has assigned to him, see [Jones v.] Niagara Frontier Transp. Auth., 722 F.2d [20, 23 (2d Cir. 1983)], or to bring a shareholder's derivative suit, see Phillips v. Tobin, 548 F.2d 408, 411-12 (2d Cir. 1976).  Finally, we have held that a layman may not appear pro se on behalf of his minor child, see Cheung, 906 F.2d at 61.
>       These rulings not only are called for by the text of 28 U.S.C. § 1654, but also constitute good policy for both litigants and the courts. As we have noted,
>> the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.
>
> Niagara Frontier Transp. Auth., 722 F.2d at 22.

Id. at 92-93.  Other courts, like the Second Circuit in Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983), have held that the general rule concerning the representation of corporations in federal courts cannot be circumvented by the corporation's assignment.  See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385-86 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986); Heiskell v. Mozie, 82 F.2d 861, 863 (D.C. Cir. 1936) (noting that "[i]t cannot be doubted, we think, that an assignment of a claim against another, made solely for the purpose of permitting the assignee-not an attorney-to conduct the litigation in proper person, would be colorable only and, therefore, insufficient to accomplish

the purpose"); In re Thomas, 387 B.R. 808 (D.Colo. 2008) (cases cited therein at 815-16).

This Court agrees with the result reached in those decisions and the rationale adopted by those courts. Accordingly, it concludes that Mechar, who is not an attorney licensed to practice by this Court, cannot be joined or substituted as the Plaintiff herein, by virtue of TruCore's assignment of its interest in this litigation to him. Therefore, the Court overrules Mechar's Motion for Joinder or for Substitution of Plaintiff (Doc. #88).[3] Having so concluded, the Court now turns to Defendant's Motion to Dismiss for Lack of Prosecution (Doc. #86).[4]

With that motion, Defendant requests that this Court dismiss the claims set forth in Plaintiff's Amended Complaint, because TruCore has failed to secure successor counsel, despite having been told by this Court on a number of occasions that it could not proceed without representation by counsel. Chally moves in accordance with Rule 41 of the Federal Rules of Civil Procedure, which provides:

---

[3]Given that the Court has overruled that motion, it overrules, as moot, Defendant's Motion to Strike Mechar's Motion for Joinder or for Substitution of Plaintiff (Doc. #91).

[4]Also pending is Mechar's Motion to Strike Defendant's Motions to Dismiss for Lack of Prosecution and for Default Judgment (Doc. #95), which is predicated upon the assertion that Defendant failed to serve those motions upon him. Since the Defendant does not seek relief from Mechar with its Motion to Dismiss for Lack of Prosecution (Doc. #86), he does not have standing to seek to have the Court strike it. In addition, given that the Court overrules Defendant's Motion for Default Judgment (Doc. #87), as it relates to Mechar, his request to strike same is moot. Accordingly, the Court overrules in part and overrules, as moot, in part Mechar's Motion to Strike Defendant's Motions to Dismiss for Lack of Prosecution and for Default Judgment (Doc. #95).

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

As is reviewed above, this Court repeatedly informed TruCore that it would not be permitted to proceed in this litigation without securing successor counsel. Therefore, this Court effectively stayed proceedings in this litigation for a period of five months, in order to provide Plaintiff the opportunity of accomplishing that end. Plaintiff was not, however, able to retain such counsel. Other courts have dismissed a corporate party's claims for failure to prosecute under circumstances similar to those presented herein. For instance, in Rockcrusher, LLC v. Hamilton, 2007 WL 4245886 (W.D.N.C. 2007), the court dismissed the claims of a corporate plaintiff for failure to prosecute, after permitting its attorney to withdraw for failure to pay fees. Despite the court's warnings to the corporate plaintiff that it had to be represented by counsel, such representation was not forthcoming. Similarly, in Ryan Transportation Services, Inc. v. Fleet Logistics, LLC, 2007 WL 677571 (D.Kan. 2007), the court dismissed, for failure to prosecute, the third-party complaint of a corporate defendant which was no longer represented by counsel, after warning the corporate defendant that it could not proceed pro se and its failure to obtain successor counsel. See also, Carr Enterprises, Inc. v. United States, 698 F.2d 952 (8th Cir. 1983) (holding that representation of corporate plaintiff/appellant on appeal by individual not licensed to practice law was sufficient grounds to dismiss the appeal for failure to prosecute); In re Hotel Syracuse, Inc., 1994 WL 519740 (N.D.N.Y. 1994) (dismissing a bankruptcy appeal

for failure to prosecute, because the corporate appellant was not represented by counsel).

Based on the foregoing, the Court sustains the Defendant's Motion to Dismiss for Lack of Prosecution (Doc. #86), and turns to its request for default judgment.

With its Motion for Default Judgment (Doc. #87), Defendant requests that the Court enter a default judgment against the Plaintiff on its (Defendant's) Counterclaim and against both Third-Party Defendants on its Third-Party Complaint. The entry of a default judgment is governed by Rule 55(b) of the Federal Rules of Civil Procedure, which provides:

> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The Court will initially rule upon Defendant's request for the entry of a default judgment against TruCore, following which it will turn to the motion as it relates to Mechar and Lovric.

Courts have held that it is appropriate to enter a default judgment against a corporate defendant which, like TruCore, is not represented by counsel.[5]  For instance, in Employee Painters' Trust v. Ethan Enterprises, 480 F.3d 993, 999 (9th Cir. 2007), the court noted that the entry of a default judgment against a corporate defendant that is not represented by counsel is appropriate.  Similarly, in Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006), the Second Circuit held that, since a corporation may appear in a lawsuit filed against it only by a licensed attorney, it is appropriate to enter a default judgment against such an entity that is not represented by counsel.  See also, Joy & Middlebelt Sunoco, Inc. v. Fusion Oil Co., 2008 WL 283767 (E.D.Mich. 2008) (entering a default judgment against corporate defendant, whose counsel had been permitted to withdraw and had not been replaced).  In Robertson v. Doe, 2008 WL 2519894 (S.D.N.Y. 2008), the court explained:

> Where a corporation has failed to appear through counsel, contrary to a district court order, it is appropriate to enter default judgment against it. "Such cavalier disregard for a court order is a failure under Rule 55(a), to 'otherwise defend as provided by these rules.'"  Shapiro, [Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir.1967)] (quoting Fed.R.Civ.P. 55(a)).

Id. at *4.  This Court finds those decisions to be persuasive and will follow same.  That said, however, this Court cannot at present enter a default judgment against TruCore, since Defendant is not seeking to recover a sum certain.  Indeed, in its motion, Defendant has not even indicated what amount of damages or other relief it believes the Court should include in the judgment to be entered in its favor.  The

---

[5]Although TruCore is the Plaintiff which initiated this litigation, it is also the defendant on Chally's Counterclaim.

Court hereby schedules a telephone conference call on Monday, January 26, 2009, at 8:45 a.m., for the purpose of setting a date on which to conduct a hearing of the type contemplated by Rule 55(b).[6] Only the Court and Defendant's counsel will participate in that conference call.

For the following reasons, this Court will decline to enter default judgments against Mechar and Lovric. <u>First</u>, one could convincingly argue that the Third-Party Defendants were not in default when the Defendant filed its motion seeking same. The Defendant's Amended Answer, Counterclaim and Third-Party Complaint (Doc. #81) was filed on February 20, 2008. The following day, counsel for Plaintiff and the Third-Party Defendants moved to withdraw, and the Court conducted on conference call on the request to withdraw one day after it was filed. Over the next five months, from the date of that conference call, February 22, 2008, until the completion of the conference call conducted on July 30, 2008, this litigation was effectively stayed. Defendant filed its Motion for Default Judgment (Doc. #87), on July 31, 2008. In accordance with Rule 15(a)(3) of the Federal Rules of Civil Procedure, a party has a minimum of 10 days in which to respond to an amended pleading. Given that this litigation was effectively stayed two days after the amended pleading was filed and the Defendant filed its motion one day after that stay was lifted, it is questionable that Mechar and Lovric were at that time in default at that time.

<u>Second</u>, during the April 22nd conference call, in the context of Defendant's counsel noting that answers had not been filed in response to his client's Amended

---

[6]Although the Court could grant a default judgment in favor of Defendant on its request for declaratory relief, the Court will not enter such, pending a hearing when Defendant will tell the Court the exact parameters of the declaration it requests.

Answer, Counterclaim and Third-Party Complaint (Doc. #81), this Court told Mechar that he should refrain from filing anything until he had heard from the Court. This Court did not subsequently inform him that the time had come for filing his response to Defendant's amended pleading.

Third, Defendant's Third-Party Complaint does not state valid third-party claims. Third-party practice is governed by Rule 14 of the Federal Rules of Civil Procedure, which provides in pertinent part that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." In Bank of India v. Trendi Sportswear, Inc., 239 F.2d 428 (2d Cir. 2), the Second Circuit explained when a defendant may bring a third-party complaint"

> Generally, Rule 14(a) permits a defending party to implead another "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed R.Civ.P. 14(a); see also Telecom International America, Ltd. v. AT & T Corp., No. 96 Civ. 1366, 1999 WL 777954, at *4 (S.D.N.Y. Sept. 30, 1999). To sustain an impleader action, the third-party defendant, or in this case, the fourth-party defendant "must be liable secondarily to the original defendant, or that the third party [or fourth party] must necessarily be liable over to the defendant [or third-party defendant] for all or part of the plaintiff's [or third-party plaintiff's] recovery, or that the defendant [or third-party defendant] must attempt to pass on to the third party [or fourth party] all or part of the liability asserted against the defendant [or third-party defendant]." [International Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682, 686 (E.D.N.Y.1994)] (internal quotation marks omitted); Wright, Miller & Kane, Federal Practice and Procedure § 1446 (1990); see also Telecom International, 1999 WL 777954, at *4. This means that the impleader action must be dependent on, or derivative of, the main or third-party claim. See Van-Tulco, 866 F. Supp. at 686; Telecom International, 1999 WL 777954, at *4.

Id. at 437-38. Herein, the Defendant neither alleges that Mechar and/or Lovric is secondarily liable to it, nor seeks to recover indemnification or contribution from

either.  On the contrary, Defendant seeks to impose joint and several liability upon the Third-Party Defendants and Plaintiff for their allegedly wrongful behavior. Since the Defendant has not asserted a proper third-party complaint herein, this Court will not enter a default judgment on same.  In addition, the Court dismisses, without prejudice, Defendant's third-party claims against Mechar and Lovric.

Accordingly, the Court overrules the Defendant's Motion for Default Judgment (Doc. #87), as it relates to Mechar and Lovric, and does not rule on that motion as it relates to TruCore.

II.  Defendant's Motion to Show Cause and for Sanctions (Doc. #105)

With this motion, Defendant requests that this Court order TruCore, Mechar and Lovric to show cause why they should not be cited for contempt for their failure to comply with the Rules of Civil Procedure and the orders of this Court, as they relate to initial disclosures, and for their failure to provide truthful deposition testimony.  According to Defendant, TruCore should be held in contempt, because it failed to include Robert MacDonald ("MacDonald") as an individual with discoverable information.  Defendant asserts that MacDonald was the sole shareholder of the two corporations (1382132 Ontario Ltd., and 1382133 Ontario Ltd.) that were the partners of TruCore.  Defendant bases that assertion on statements contained in Mechar's Reply Memorandum (Doc. #103), filed in support of his request for substitution or joinder.  In that filing, Mechar states that, at the time this litigation was initiated, MacDonald was the sole registered shareholder for 1382132 Ontario Ltd., holding those shares in trust for Mechar's benefit, and the sole registered shareholder for 1382133 Ontario Ltd., holding those shares in trust

for the benefit of Lovric. In addition, Defendant points out that Mechar did not identify MacDonald as a shareholder of either corporation during his deposition. Defendant contends that the foregoing actions of TruCore and Mechar demonstrate that they deliberately misled it and the Court. Although Defendant requests that this Court hold Lovric in contempt, it has not remotely suggested that he engaged in any type of contemptuous behavior.

Assuming for sake of argument that TruCore and Mechar have deliberately misled Defendant,[7] this Court will decline enter the requested show cause order, since Defendant has not demonstrated that it has suffered prejudice as a result of being misled. Defendant states that it would have deposed MacDonald earlier in this litigation, if it had known that he was the sole owner of the two corporations that are the partners of TruCore. Defendant points out that it has had problems locating MacDonald, since it recently learned that he was the shareholder of those corporations.[8] Given that the only task left to accomplish in this litigation is conducting a remedy/damages on Defendant's request for a default judgment against TruCore, it is difficult to imagine what advantage Plaintiff has lost as a result of being denied the opportunity of deposing MacDonald.

---

[7]Given that neither the Plaintiff's initial disclosures nor Mechar's deposition testimony concerning the shareholders of TruCore's partners was brought to the attention of the Court before Defendant filed its motion, this Court cannot conclude that Mechar and/or TruCore misled the Court.

[8]Mechar and Lovric have also had difficulty locating MacDonald, who, according to Mechar, took substantial sums of money from TruCore.

Accordingly, the Court overrules Defendant's Motion to Show Cause and for Sanctions (Doc. #105).

January 15, 2009

                                                  /s/ Walter Herbert Rice
                                          WALTER HERBERT RICE, JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record
TruCore Associates, Ltd.
Gary W. Mechar
Johnny Lovric.